UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ERIC SUTHERLAND                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:25-cv-00076-JHM

UNITED STATES ATTORNEYS, LOUISVILLE                              DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil action brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (DNs 1, 7).

Plaintiff Eric Sutherland has filed a motion for leave to amend the § 1983 complaint (DN 1) to add as a Defendant Andy Beshear, former Attorney General of Kentucky, in his official capacity.  (DN 5).  **IT IS ORDERED** that this motion (DN 5) is **GRANTED**.  The Clerk of Court is **DIRECTED** to docket the proposed amended complaint (DN 5-1) as the "second amended complaint" as of the date it was filed.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

## I. SUMMARY OF FACTUAL ALLEGATIONS

### A. Section 1983 Complaint

Plaintiff makes the following allegations in the second amended complaint:

Plaintiff was indicted on Federal charges on September 6, 2018.  At the time of the Federal indictment, substantially identical state charges were still pending.  Plaintiff was arrested on July 27, 2018, by both state and federal authorities exercising joint jurisdiction over the state complaint.  Plaintiff was held in the county jail under a federal detainer from July 27, 2018 to October 1, 2018, but the federal authorities never informed Plaintiff of the federal indictment until October 1, 2018.

Plaintiff was transferred from state custody to federal custody on October 1, 2018, without a proper removal order or writ of ad prosequendum, despite the fact that the state charges were still pending and had not been dismissed.  On September 27,

2018, the state charges were no-billed, but federal records were falsified to suggest that the state charges had been dismissed either on July 28, 2018, or September 27, 2018.

The state case was not officially dismissed until December 2, 2024, and Plaintiff has since obtained a certified copy of the dismissal order. This certified copy has been filed with the Court, revealing that the federal records were incorrect and fraudulent. Despite this, the government has refused to correct these records, perpetuating the violation of Plaintiff's constitutional rights.

(DN 5-1).

Based on these factual allegations, Plaintiff asserts claims of malicious prosecution; "ruse custody" and false detainment; due process violations, including a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and prosecutorial misconduct. He states that Defendant Beshear, as the former Attorney General, "had a direct role in authorizing or failing to prevent the unlawful prosecution based on false records and misconduct." (*Id.*).

As relief, Plaintiff seeks the immediate correction of all records relating to his state and federal criminal cases; dismissal of the federal indictment and immediate release from custody; and $5,327,500.00 in damages, consisting of emotional and psychological damages, legal fees and costs, "wrongful detention," and "stigma of false charges." (*Id.*).

## B. *Bivens* Complaint

As to his amended complaint asserting *Bivens* claims (DN 7), Plaintiff sues former United States Attorney Russell Coleman, and Assistant U.S. Attorneys Jo Lawless, and Monica Wheatley in their official and individual capacities; the "Louisville Federal Prosecutor's Office;" and the "Louisville Federal Probation Office" (collectively, the "*Bivens* Defendants"). Therein, Plaintiff alleges that the *Bivens* Defendants: knowingly falsified records relating to Plaintiff's prosecution; concealed the existence of a pending state case that was substantially identical to the federal prosecution; failed to bring Plaintiff to trial within 30 days of his arrest; failed to provide timely

and proper notice of charges and evidence relating to the federal prosecution; unlawfully removed a state matter to federal jurisdiction; and falsified and concealed material information. Plaintiff states that due to the *Bivens* Defendants' "fraudulent actions," he has been subjected to continued unlawful detention. (*Id.*). Plaintiff alleges that these actions constitute violations of his constitutional rights to a speedy trial and due process, and to be free from double jeopardy and cruel and unusual punishment under the Fifth, Sixth, and Eighth Amendments. (*Id.*).

As relief, Plaintiff seeks sanctions against and imprisonment of the *Bivens* Defendants, compensatory damages in the amount of $7,000,000.00, punitive damages in the amount of $350,000.00, and attorneys' fees.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal

3

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials in their individual capacities and cannot be brought against the United States or a federal agency.  *See Bivens*, 403 U.S. at 390-97; *Cook v. Fed. Bureau of Prisons*, No. 4:21CV0766, 2021 WL 6064750, at *2 (N.D. Ohio Dec. 21, 2021) ("*Bivens* provides a limited cause of action against individual federal officers alleged to have acted unconstitutionally . . . . It does not support an action against the United States government or any of its agencies . . . .") (internal citations omitted).  *Bivens* and § 1983 actions are reviewed under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.  *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("A plaintiff must prove two elements to prevail on either type of claim: (1) that he or she was deprived of a right secured

4

by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law.") (citations omitted).

### A. Section 1983 Claims

Plaintiff sues Defendant Beshear, as the former Attorney General for the State of Kentucky in his official capacity only, for malicious prosecution, "ruse custody," false detainment, due process violations, and prosecutorial misconduct arising out of his state criminal charges.

Because Beshear is named only in his official capacity, the claims brought against this Defendant are deemed to be against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 28 U.S.C. § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, Plaintiff's claims for monetary damages against Beshear in his official capacity fail to allege cognizable claims under § 1983 and are therefore subject to dismissal for failure to state a claim.[1]

Even if Plaintiff sued Beshear in his individual capacity, his claims would likewise be subject to dismissal. Plaintiff asserts that Beshear "had a direct role in authorizing or failing to prevent the unlawful prosecution and detainment of Plaintiff," (DN 5-1, PageID.17-20), which may be read as implicating Beshear's supervisory authority. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability

---

[1] Alternatively, the Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Kentucky has not waived its immunity. *See Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). As such, Defendant Beshear is also immune from suit under the Eleventh Amendment.

onto supervisors. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Owens v. Williams*, No. 5:23-CV-P127-JHM, 2024 WL 102995, at *3 (W.D. Ky. Jan. 9, 2024). Thus, any of Plaintiff's claims against Beshear individually, based solely on a supervisory role, would also be subject to dismissal for failure to state a claim upon which relief may be granted.

Finally, Plaintiff's dispute of the charges, indictment, conviction, and/or sentence are challenges to the validity of his continued confinement and as such are barred by *Heck v. Humphrey*, 512 U.S. 477, 486—87 (1994) (holding that a plaintiff may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). This is true regardless of the relief sought, *i.e.*, damages or equitable relief.[2] *See Kraus v. Kentucky*, No. 5:20-CV-191-

---

[2] To the extent Plaintiff seeks immediate release from custody, he can only do so by way of a habeas corpus proceeding, not a civil rights case. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Plaintiff has brought multiple motions under 28 U.S.C. § 2255 in this Court, *see* Case No. 3:18-cr-00136-DJH-1 (W.D. Ky.), and twice petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Kentucky. *See* Civil Nos. 5:22-256-WOB (E.D. Ky), and 5:24-cv-00002-GFVT (E.D. Ky.). Those requests have been denied or dismissed.

BJB, 2021 WL 2584088, at *2 (W.D. Ky. June 23, 2021) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Because Plaintiff has not shown that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations about irregularities in his criminal prosecution, conviction, and incarceration fail to state a claim for which relief may be granted and must, therefore, be dismissed.

For the reasons set forth above, Plaintiff's § 1983 claims against Defendant Beshear are dismissed for failure to state a claim.

### B. *Bivens* Claims

As an initial matter, Plaintiff sues the "U.S. Probation Office Louisville" or the "Louisville Federal Probation Office," naming the entity itself in its official capacity. As an office of the United States, it is immune from suit. Absent an express waiver of sovereign immunity, Plaintiff cannot maintain his claims against the United States. *See Humphrey v. U.S. Prob. Dep't*, No. 99-5252, 2000 WL 876773, *2 (6th Cir. June 23, 2000) (U.S. Probation Office protected by sovereign immunity); *Bauer v. U.S. Marshal Serv.*, No. 3:13-CV-00205, 2013 WL 1564941, at *3 (M.D. Tenn. Apr. 12, 2013) (dismissing claims against "U.S. Department of Probation and Parole," observing that the office is an extension of the U.S. Courts and thus, the United States; further observing that equitable relief is likewise unavailable). Plaintiff's claims against the "U.S. Attorneys Office Louisville" in its official capacity must fail for the same reason. *See Scott v. U.S. Dep't of Just.*, No. 2:21-CV-11146, 2021 WL 2895293, at *3 (E.D. Mich. July 9, 2021) (finding that a *Bivens* action may not be brought against the United States, thus "the Department of Justice, the FBI, and the U.S. Attorney's Office are not proper parties to this lawsuit."); *see generally*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself").

Plaintiff's claims of speedy trial, due process, and double jeopardy violations, as well as his claim of cruel and unusual punishment against Defendants Coleman, Lawless, and Wheatley in their official capacities must be dismissed. A *Bivens* claim is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens*, 403 U.S. at 390–97. Because "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity," *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991), the Court will dismiss the official capacity *Bivens* claims against these Defendants.

The claims against Defendants Coleman, Lawless, and Wheatley in their individual capacities must also be dismissed, as "[p]rosecutors enjoy absolute immunity from liability in a civil-rights action for conduct "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Because Plaintiff's claims against these Defendants arise out of their role in prosecuting the criminal action against him, the individual capacity claims against them must be dismissed.

Finally, all Plaintiff's claims against the *Bivens* Defendants are barred by *Heck*, in which the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87 (footnote omitted). *Heck* involved a state prisoner, but the doctrine also applies where a plaintiff seeks to render invalid his federal criminal conviction. *See Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (holding that where a federal prisoner seeks "relief which essentially attacked the lawfulness of his conviction, without first having that conviction set aside,

8

his tendered complaint failed to state a claim under *Heck*.").    Here, Plaintiff's challenges to his criminal charges, indictment, conviction, and/or sentence are challenges to the validity of his continued confinement and therefore barred under the *Heck* doctrine.    The *Heck* bar also encompasses Plaintiff's requests for equitable and/or declaratory relief. *See Wilkinson*, 544 U.S. at 81-82.

Because Plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal court or other appropriate tribunal, his claims against the *Bivens* Defendants are dismissed for failure to state a claim.

### C. Remaining Motions

Also before the Court are numerous other motions brought by Plaintiff, including: a second motion for leave to proceed *in forma pauperis* (DN 8); motions for preservation, clarification, and/or correction regarding consolidation and nature of claims (DNs 9, 10, 11, 14, 16); motions to expedite ruling on pending motions (DNs 12, 19); and a motion to reconsider the Court's consolidation order (DN 13).

This Court previously granted Plaintiff's request to proceed without the prepayment of fees by Order dated March 5, 2025 (DN 4).  It then consolidated Plaintiff's § 1983 and *Bivens* actions as they involve a common question of law or fact (DN 6).  *See* Fed. R. Civ. P. 42(a); *see also Robertson*, 753 F.3d at 614 (Section 1983 and *Bivens* claims brought together and analyzed under the same legal principles).  As the Court has conducted its initial screening of Plaintiff's § 1983 and *Bivens* complaints pursuant to 28 U.S.C. § 1915A, his remaining motions (DNs 8, 9, 10, 11, 12, 13, 14, 16, 19) are **DENIED** as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:    April 14, 2025

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:    Plaintiff, *pro se*
4414.015